Colleen M. Fleming (CMF 8993)
National Labor Relations Board, Region 1
10 Causeway Street, 6th Floor
Boston, Massachusetts  02222
(617) 565-6775
*Attorney for Petitioner*


**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
-----------------------------------------------------------------X
**JONATHAN B. KREISBERG, Regional Director,**
**Region 1, National Labor Relations Board,**
**for and on Behalf of the NATIONAL**
**LABOR RELATIONS BOARD**

|                                | |
| --- | --- |
| **Petitioner**                 | **CIVIL NO.:** |

**vs.**


**EMERALD GREEN BUILDING SERVICES, LLC**

**Respondent**
-----------------------------------------------------------------X


## PETITION FOR TEMPORARY INJUNCTION UNDER
## SECTION 10(j) OF THE NATIONAL LABOR RELATIONS ACT

Comes now Jonathan B. Kreisberg, Regional Director for Region 1 of the National Labor

Relations Board (the "Board"), and petitions this Court for and on behalf of the Board, pursuant

to Section 10(j) of the National Labor Relations Act, as amended, ("the Act") (29 U.S.C. §

160(j)), for appropriate injunctive relief pending the final disposition of the matters involved

herein pending before the Board on the Consolidated Complaint and Notice of Hearing of the

General Counsel of the Board in Case Nos. 01-CA-147341 and 01-CA-147345, alleging that

Emerald Green Building Services, LLC ("Respondent") has engaged in and is engaging in unfair

labor practices in violation of Sections 8(a)(2), (3), (5), and (1) of the Act.

From July 6 through July 8, 2015, an administrative hearing took place before Administrative Law Judge Raymond P. Green.  On September 10, 2015, Judge Green issued his Decision concluding that Respondent committed the alleged unfair labor practices.  Petitioner has filed in support of this Petition an Appendix of Exhibits, which includes the Decision by the Administrative Law Judge, Administrative Hearing Transcripts, exhibits thereto, and official Board documents.[1]  Further, in support of the Petition, Petitioner respectfully shows as follows:

1.      Petitioner is the Regional Director of Region 1 of the Board, an agency of the United States Government, and files this petition for and on behalf of the Board.

2.      Jurisdiction of this Court is invoked pursuant to Section 10(j) of the Act.

## BACKGROUND

3.      On March 2, 2015, the Charging Party, Service Employees International Union, Local 32BJ ("Local 32BJ") filed charges in Case Nos. 01-CA-147341 and 01-CA-147345, alleging that Respondent had engaged in, and is engaging in, unfair labor practices within the meaning of Sections 8(a)(2), (3), (5), and (1) of the Act.  Copies of the charges and affidavits of service are attached hereto as Exhibit 1(a)-(d).

4.      (a)      The aforesaid charges were referred to the Regional Director of Region 1 of the Board.  Following an investigation of the allegations in which Respondent was given the opportunity to present evidence and legal argument, the Regional Director, on behalf of the General Counsel of the Board, pursuant to Section 10(b) of the Act, issued an Order

---

[1] References to the Appendix of Exhibits will be designated as "Ex.__."  References to the transcript in the administrative proceeding, which is attached as Exhibit A, are followed by a parenthetical indication of the page number of the transcript indicated as ("Tr. [page number]").  References to the Decision of the Administrative Law Judge, which is attached as Exhibit B, are followed by a parenthetical indication of the page and line numbers of the decision indicated as ("p. [page number], lines [line numbers]").  Exhibits 1 through 28 are the same documentary exhibits entered into the record in the administrative hearing by General Counsel.  Exhibits 4, 11, and 23-25 contain dates of birth.  Petitioner did not redact the dates of birth because they are in the record of the administrative proceeding.  FED. R. CIV. P. 5.2(b)(2).  Exhibits 10 and 18 were not received into the record.  References to the four tables attached separately as appendices to the Memorandum in support of the Petition will be designated as "Table [table letter]."

Consolidating Cases, Consolidated Complaint, and Notice of Hearing (the "Complaint"), on May 29, 2015, alleging that Respondent engaged in, and is engaging in, unfair labor practices as charged within the meaning of Sections 8(a)(2), (3), (5), and (1) of the Act.   An Order Rescheduling Hearing was issued on June 8, 2015.   The Complaint, the Order Rescheduling Hearing, and their corresponding affidavits of service are attached hereto as Exhibit 1(e), (f), (i), and (j).

(b)      Respondent, by its Counsel, filed an Answer to the Complaint on June 10, 2015.  A copy of that Answer is attached hereto as Exhibit 1(g).

(c)      Pursuant to the Complaint, a hearing commenced on July 6, 2015 and proceeded on the record on the subsequent days that followed until July 8, 2015, at which time the hearing closed.

(d)      On September 10, 2015, Administrative Law Judge Raymond P. Green issued his Decision concluding that Respondent committed the unfair labor practices alleged in the Complaint.  A copy of that Decision is attached hereto as Exhibit B.

## REASONABLE CAUSE TO BELIEVE THAT RESPONDENT VIOLATED THE ACT

5.      Based upon the evidence offered during the investigation of the unfair labor practice charges described above in paragraph 3 and evidence admitted into the administrative record in the hearing described above in subparagraph 4(c), Petitioner has reasonable cause to believe that the allegations contained in the Complaint are true, and that Respondent has engaged in, and is engaging in, unfair labor practices within the meaning of Sections 8(a)(2), (3), (5), and (1) of the Act, affecting commerce within the meaning of Section 2(6) and (7) of the Act, for which a remedy will be ordered by the Board.  However, Petitioner also has reasonable cause to believe that the Board's order for such remedy will be frustrated without the injunctive relief

sought herein.  Petitioner asserts that there is substantial likelihood of success in prevailing in the underlying administrative proceedings in Case Nos. 01-CA-147341 and 01-CA-147345, and establishing that Respondent has engaged in, and is engaging in, unfair labor practices in violation of Sections 8(a)(2), (3), (5), and (1) of the Act.  In support thereof, and of the request for temporary injunctive relief, Petitioner, upon information and belief, shows as follows:

(a)     Respondent admits that, at all material times, it has been a limited liability company with places of business throughout New England, and an office and place of business in Billerica, Massachusetts (the "Billerica facility"), as well as places of business at a facility known as Cross Point in Lowell, Massachusetts ("Cross Point"), and at a property known as Nagog Park in Acton, Massachusetts ("Nagog Park"), and has been engaged in the business of providing various facility related, janitorial, and cleaning services.  *Compare* Ex. 1(e) ¶ 2 *with* Ex. 1(g)  ¶ 2.

(b)     (1)     Respondent admits that, annually, in conducting its operations described above in paragraph (a), Respondent performs services valued in excess of $50,000 in States other than the Commonwealth of Massachusetts.  *Compare* Ex. 1(e) ¶ 3(a) *with* Ex. 1(g) ¶ 3(a).

(2)     Respondent admits that, annually, in conducting its operations described above in paragraph (a), Respondent purchases and receives at its Billerica facility goods valued in excess of $50,000 directly from points outside the Commonwealth of Massachusetts.  *Compare* Ex. 1(e) ¶ 3(b) *with* Ex. 1(g) ¶ 3(b).

(c)     Respondent admits that, at all material times, it has been an employer engaged in commerce within the meaning of Section 2(2), (6), and (7) of the Act.  *Compare* Ex. 1(e) ¶ 4 *with* Ex. 1(g) ¶ 4.

(d)    (1)    At all material times, Local 32BJ has been a labor organization within the meaning of Section 2(5) of the Act.

(2)    Respondent admits that, at all material times, the International Brotherhood of Teamsters Local Union No. 25 ("Local 25") has been a labor organization within the meaning of Section 2(5) of the Act.  *Compare* Ex. 1(e) ¶ 5 *with* Ex. 1(g) ¶ 5.

(e)    Respondent admits that, at all material times, the following individuals held the positions set forth opposite their respective names and have been supervisors of Respondent within the meaning of Section 2(11) of the Act, and agents of Respondent within the meaning of Section 2(13) of the Act:

|  |  |  |
|---|---|---|
| Paul McAleer | ---- | President |
| Gary Perrin | ---- | Regional Area Manager |
| Lorelle Deloge | ---- | Area Manager |
| Luis Mejia | ---- | Area Manager |
| John DoCarmo | ---- | Area Manager |

*Compare* Ex. 1(e) ¶ 6 *with* Ex. 1(g) ¶ 6.

(f)    (1)    Prior to February 21, 2015, P.E.A.C.E. Plus Maintenance Inc. ("Peace Plus") performed janitorial and cleaning services at Cross Point, and Local 32BJ had been recognized by Peace Plus as the exclusive collective-bargaining representative of Peace Plus's employees at Cross Point (the "Cross Point Unit"), which recognition was embodied in a collective-bargaining agreement effective from October 1, 2012 through September 30, 2016.

(2)    The Cross Point Unit constitutes part of a larger unit appropriate for the purposes of collective bargaining within the meaning of Section 9(b) of the Act.

(3)     At all material times prior to February 21, 2015, based on Section 9(a) of the Act, Local 32BJ had been the exclusive collective-bargaining representative of Peace Plus's employees in the Cross Point Unit.

(g)     About February 21, 2015, Respondent assumed Peace Plus's janitorial and cleaning functions at the Cross Point facility, and since then has continued to operate the business previously performed by Peace Plus at the Cross Point facility in basically unchanged form.

(h)     But for the conduct described below in paragraphs (j) and (k), Respondent would have employed as a majority of its employees at the Cross Point facility individuals who were previously employees of Peace Plus in the Cross Point Unit.

(i)     Based on the conduct described above in paragraph (h), the conduct described below in paragraphs (j) and (k), and the operations described above in paragraphs (f) and (g), Respondent has continued the employing entity and is a successor to Peace Plus.

(j)     (1)     In about February 2015, Respondent was hiring or had concrete plans to hire employees in connection with its assumption of Peace Plus's janitorial and cleaning functions at the Cross Point facility.

(2)     In about February 2015, Respondent refused to hire various former Peace Plus employees at the Cross Point facility.

(k)     Respondent engaged in the conduct described above in paragraph (j) because the Peace Plus employees joined and assisted Local 32BJ and engaged in concerted activities, to discourage employees from engaging in these activities, and in order to avoid hiring former Peace Plus employees as a majority of the employees hired at the Cross Point facility.

(l)     (1)     Since about February 21, 2015, based on the conduct described above in paragraphs (f) through (k), Local 32BJ has been the exclusive collective-bargaining representative of Respondent's employees in the Cross Point Unit.

(2)     At all material times since about February 21, 2015, based on Section 9(a) of the Act, Local 32BJ has been the exclusive collective-bargaining representative of Respondent's employees in the Cross Point Unit.

(m)     Since about February 21, 2015, Respondent has established rates of pay, benefits, hours of work, and other terms and conditions of employment for the employees in the Cross Point Unit that vary from the terms set forth in the collective-bargaining agreement described above in paragraph (f).

(n)     The subjects set forth above in paragraph (m) relate to wages, hours, and other terms and conditions of employment of the Cross Point Unit and are mandatory subjects for the purposes of collective bargaining.

(o)     Respondent engaged in the conduct described above in paragraph (m) without prior notice to Local 32BJ and without affording Local 32BJ an opportunity to bargain with Respondent with respect to this conduct.

(p)     Since about February 21, 2015, Respondent has failed and refused to recognize and bargain with Local 32BJ as the exclusive collective-bargaining representative of the Cross Point Unit.

(q)     About February 4, 2015, Respondent, by Deloge, gave assistance and support to Local 25 by informing employees in the Cross Point Unit that they were represented by Local 25 and by supplying them with Local 25 application packets.

(r)     About February 21, 2015, Respondent granted recognition to Local 25 as the exclusive collective-bargaining representative of the Cross Point Unit and entered into, and has since maintained, a collective-bargaining agreement with Local 25 for the Cross Point Unit.

(s)     Respondent engaged in the conduct described above in paragraph (r) even though Local 25 did not represent an uncoerced majority of employees in the Cross Point Unit.

(t)     Respondent engaged in the conduct described above in paragraph (r) at a time when Respondent had a duty to recognize and bargain with Local 32BJ as the exclusive collective-bargaining representative of the Cross Point Unit.

(u)     (1)     Respondent admits that, since about February 21, 2015, Respondent and the Local 25 have maintained a union-security provision in the collective-bargaining agreement described in paragraph (r).  *Compare* Ex. 1(e) ¶ 22(a) *with* Ex. 1(g) ¶ 22(a).

(2)     Respondent engaged in the conduct described above in subparagraph (1) even though Local 25 was not the lawfully recognized exclusive collective-bargaining representative of the Cross Point Unit.

(v)     By engaging in the conduct described above in paragraph (u), Respondent has encouraged its employees to join and assist Local 25.

(w)     (1)     Prior to February 28, 2015, Peace Plus performed janitorial and cleaning services at Nagog Park, and Local 32BJ had been recognized by Peace Plus as the exclusive collective-bargaining representative of Peace Plus's employees at Nagog Park (the "Nagog Park Unit"), which recognition was embodied in a collective-bargaining agreement effective from October 1, 2012 through September 30, 2016.

(2)      The Nagog Park Unit constitutes part of a larger unit, including the Cross Point Unit, and is appropriate for the purposes of collective-bargaining within the meaning of Section 9(b) of the Act.

(3)      At all material times prior to February 28, 2015, based on Section 9(a) of the Act, Local 32BJ was the exclusive collective-bargaining representative of Peace Plus's employees in the Nagog Park Unit.

(x)      About February 28, 2015, Respondent assumed Peace Plus's janitorial and cleaning functions at the Nagog Park facility, and since then has continued to operate the business previously performed by Peace Plus at the Nagog Park facility in basically unchanged form.

(y)      But for the conduct described below in paragraphs (aa) and (bb), Respondent would have employed as a majority of employees at the Nagog Park facility individuals who were previously employees of Peace Plus in the Nagog Park Unit.

(z)      Based on the conduct described above in paragraph (y), the conduct described below in paragraphs (aa) and (bb), and the operations described above in paragraphs (w) and (x), Respondent has continued the employing entity and is a successor to Peace Plus at the Nagog Park facility.

(aa)     (1)      In about February 2015, Respondent was hiring or had concrete plans to hire employees in connection with its assumption of Peace Plus's janitorial and cleaning functions at the Nagog Park facility.

(2)      In about February 2015, Respondent refused to hire various former Peace Plus employees at the Nagog Park facility.

(bb)    Respondent engaged in the conduct described above in paragraph (aa) because the Peace Plus employees joined and assisted Local 32BJ and engaged in concerted activities, and to discourage employees from engaging in these activities, and in order to avoid hiring former Peace Plus employee as a majority of the employees hired at the Nagog Park facility.

(cc)    (1)    Since about February 28, 2015, based on the conduct described above in paragraphs (w) through (bb), Local 32BJ has been the exclusive collective-bargaining representative of Respondent's employees in the Nagog Park Unit.

(2)    At all material times since about February 28, 2015, based on Section 9(a) of the Act, Local 32BJ has been the exclusive collective-bargaining representative of Respondent's employees in the Nagog Park Unit.

(dd)    Since about February 28, 2015, Respondent has established rates of pay, benefits, hours of work, and other terms and conditions of employment for the employees in the Nagog Park Unit that vary from the terms set forth in the collective-bargaining agreement described above in paragraph (w).

(ee)    The subjects set forth in paragraph (dd) relate to wages, hours, and other terms and conditions of employment of the Nagog Park Unit and are mandatory subjects for the purposes of collective-bargaining.

(ff)    Respondent engaged in the conduct described above in paragraph (dd) without prior notice to Local 32BJ and without affording Local 32BJ an opportunity to bargain with Respondent with respect to this conduct.

(gg)    Since about February 28, 2015, Respondent has failed and refused to recognize and bargain with Local 32BJ as the exclusive collective-bargaining representative of the Nagog Park Unit.

(hh)    In mid-February 2015, Respondent, by Perrin and Deloge, gave assistance and support to Local 25 by informing employees in the Nagog Park Unit that they were represented by Local 25 and by supplying them with Local 25 application packets.

(ii)    About February 28, 2015, Respondent granted recognition to Local 25 as the exclusive bargaining representative of the Nagog Park Unit and entered into, and has since maintained, a collective-bargaining agreement with Local 25 for the Nagog Park Unit.

(jj)    Respondent engaged in the conduct described above in paragraph (ii) even though Local 25 did not represent an uncoerced majority of employees in the Nagog Park Unit.

(kk)    Respondent engaged in the conduct described above in paragraph (ii) at a time when Respondent had a duty to recognize and bargain with Local 32BJ as the exclusive collective-bargaining representative of the Nagog Park Unit.

(ll)    (1)    Respondent admits that, since on or about February 28, 2015, Respondent and Local 25 have maintained a union-security provision in the collective-bargaining agreement described in paragraph (ii).  *Compare* Ex. 1(e) ¶ 39(a) *with* Ex. 1(g) ¶ 39(a).

(2)    Respondent engaged in the conduct described above in subparagraph (1), even though Local 25 was not the lawfully recognized exclusive collective-bargaining representative of the Nagog Park Unit.

(mm)   By engaging in the conduct described above in paragraph (ll), Respondent has encouraged its employees to join and assist Local 25.

11

(nn)    By the conduct described in paragraphs (q) through (v), and paragraphs (hh) through (mm), Respondent has been rendering unlawful assistance and support to a labor organization in violation of Section 8(a)(1) and (2) of the Act.

(oo)    By the conduct described in paragraphs (j), (k), (u), (aa), (bb), and (ll), Respondent has been discriminating in regard to the hire or tenure or terms and conditions of employment of its employees, thereby discouraging membership in a labor organization in violation of Section 8(a)(1) and (3) of the Act.

(pp)    By the conduct described in paragraphs (m), (o), (p), (dd), (ff), and (gg), Respondent has been failing and refusing to bargain collectively and in good faith with the exclusive collective-bargaining representative of its employees in violation of Section 8(a)(1) and (5) of the Act.

(qq)    The unfair labor practices of Respondent described above affect commerce within the meaning of Section 2(6) and (7) of the Act.

## IRREPARABLE HARM CAUSED BY RESPONDENT'S VIOLATIONS OF THE ACT

6.    Respondent's unfair labor practices, described above in paragraph 5, have irreparably harmed, and are continuing to harm, Respondent's employees in the exercise of rights guaranteed to them by Section 7 of the Act (29 U.S.C. § 157).  More specifically, Respondent's unfair labor practices have caused the following harm:

(a)    Respondent's unfair labor practices have created an atmosphere in which employees fear retaliation, including discharge, if they engage in concerted and union activities.

(b)    Respondent's employees have been deprived of and are without the benefits of representation by Local 32BJ, the employees' freely chosen collective-bargaining representative.

(c)     Respondent's employees have suffered the loss of Local 32BJ's ability to bargain effectively on their behalf, including over the terms and conditions of employment.

(d)     Respondent's unfair labor practices have caused employees to suffer significant economic harm through the loss of pay, reduction in benefits, and loss of livelihood.

(e)     Respondent's employees have been forced to be represented by Local 25 even though Local 25 does not represent an uncoerced majority of the employees.

7.     Upon information and belief, unless injunctive relief is immediately obtained, it can fairly be anticipated that employees will permanently and irreversibly lose the benefits of the Board's processes and the exercise of statutory rights, a harm that cannot be remedied in due course by the Board.

8.     There is no adequate remedy at law for the irreparable harm caused by Respondent's unfair labor practices, described above in paragraph 5.

9.     Granting the temporary injunctive relief is just and proper to prevent irreparable harm and to preserve the status quo.

10.     Upon information and belief, it may fairly be anticipated that unless Respondent's conduct of the unfair labor practices described in paragraph 5 above is immediately enjoined and restrained, Respondent will continue to engage in those acts and conduct, or similar acts and conduct constituting unfair labor practices during the proceedings before the Board and during any subsequent proceedings before a United States Court of Appeals, with the predictable result that employees will be deprived of their Section 7 rights  under the Act, *inter alia*, to form, join, or assist a labor organization or to refrain from any and all such activities and to engage in concerted activities, and will be denied their statutory right to freely express their choice as to representation or to be represented for collective-bargaining purposes by Local 32BJ, and that

Local 32BJ will be unable to ever successfully function as an effective collective-bargaining representative of the bargaining-unit employees, all to the detriment of the policies of the Act, the public interest, the interest of the employees involved, and the interest of Local 32BJ.

### PRAYER FOR RELIEF

11.     Upon information and belief, to avoid the serious consequences set forth above, it is essential, just, proper, and appropriate for the purposes of effectuating the policies of the Act and the public interest, and avoiding substantial and immediate injury to such public policies and interest, and in accordance with the purposes of Section 10(j) of the Act that, pending final disposition of the matters involved pending before the Board, Respondent be enjoined and restrained from the commission of the acts and conduct alleged above, similar acts and conduct or repetitions thereof, and be ordered to take the affirmative action set forth below:

**WHEREFORE** Petitioner prays:

**IT IS HEREBY ORDERED** that, pending the final disposition of the matters here involved pending before the Board, Respondent, its officers, representatives, agents, servants, employees, attorneys, successors and assigns, and all persons acting in concert or participation with it or them, are enjoined and restrained from:

a)     Refusing to hire bargaining-unit employees of P.E.A.C.E. Plus Maintenance Inc. ("Peace Plus"), the predecessor employer, because they were members of and supported Service Employees International Union, Local 32BJ ("Local 32BJ") and to discourage employees from engaging in these activities.

b)     Refusing to recognize and bargain in good faith with Local 32BJ as the exclusive collective-bargaining representatives of its employees in the following appropriate units: (1) all employees employed by Respondent and performing janitorial services at the Cross Point property in Lowell, Massachusetts; and (2) all employees employed by Respondent and performing janitorial services at the Nagog Park property in Acton, Massachusetts.

c)      Unilaterally changing wages, hours, and other terms and conditions of employment of the employees in the above-described units without first giving notice to and bargaining with Local 32BJ about these changes.

d)      Providing assistance or contributing support to International Brotherhood of Teamsters Local Union No. 25 ("Local 25") by having agents solicit employees to sign authorization cards and dues check-off authorization forms on behalf of Local 25.

e)      Telling employees that they are represented by Local 25.

f)      Providing assistance or contributing support to Local 25, by recognizing or bargaining with Local 25 as the exclusive collective-bargaining representative for: (1) all employees employed by Respondent and performing janitorial services at the Cross Point property in Lowell, Massachusetts; and (2) all employees employed by Respondent and performing janitorial services at the Nagog Park property in Acton, Massachusetts.

g)      Maintaining or giving any force or effect to any collective-bargaining agreement, or any union-security agreement, with Local 25, or any extension, renewal, or modification thereof; for: (1) all employees employed by Respondent and performing janitorial services at the Cross Point property in Lowell, Massachusetts; and (2) all employees employed by Respondent and performing janitorial services at the Nagog Park property in Acton, Massachusetts.  Nothing in this Order shall authorize or require the withdrawal or elimination of any wage increase or other improved benefits or terms or conditions of employment which may have been established pursuant to any such agreement.

h)      In any other manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed to employees by Section 7 of the Act.

**IT IS FURTHER ORDERED** that Respondent take the following affirmative actions:

a)      Within FOURTEEN (14) days of the issuance of this Order, offer immediate instatement to the following former unit employees of the predecessor, Peace Plus, who would have been employed by Respondent but for the unlawful discrimination against them, in their former positions or, if such positions no longer exist, in substantially equivalent positions, without prejudice to their seniority or any other rights or privileges previously enjoyed, discharging if necessary any employees hired in their place: Gloria Guerra, Robert Mieses, Orlando De Jesu Parra, Cesar Cedano Presinal, Adalberto Mendez Quezada, Monica Mendez, Francisco Velasquez Allende, Arcelia Curiel, Ruth Marquez, Dorca Marquez,

Dolores Feliz, Marianela Santana, Daniel Berrio Naranjo, Evelyn Ramos, Jorge Restrepo, and Josean Rivera.

b)    Notify Local 32BJ in writing that it recognizes Local 32BJ as the exclusive representative of its bargaining-unit employees at Cross Point and its bargaining-unit employees at Nagog Park under Section 9(a) of the Act and that it will bargain with Local 32BJ concerning terms and conditions of employment for employees in the above-described appropriate units.

c)    Recognize and, on request, bargain with Local 32BJ as the exclusive representative of the employees in the above-described appropriate units concerning terms and conditions of employment and, if an understanding is reached, embody the understanding in a signed agreement.

d)    On request of Local 32BJ, rescind any departures from terms and conditions of employment that existed immediately prior to Respondent's takeover of predecessor Peace Plus' operation, retroactively restoring preexisting terms and conditions of employment, including wage rates and welfare and pension contributions, and other benefits, until it negotiates in good faith with Local 32BJ to agreement or to impasse.

e)    Withdraw and withhold recognition from Local 25 as the collective-bargaining representative of: (1) all employees employed by Respondent and performing janitorial services at the Cross Point property in Lowell, Massachusetts; and (2) all employees employed by Respondent and performing janitorial services at the Nagog Park property in Acton, Massachusetts.

f)    Within FIVE (5) days of the issuance of the Court's Order, post copies of this Order at Respondent's Cross Point and Nagog Park facilities, at all locations where notices to its employees are customarily posted; maintain said postings during the term of this Order, ensure that all employees shall have free and unrestricted access to said postings; and grant agents of the Board reasonable access to said facilities to monitor compliance with this posting requirement;

g)    Within TEN (10) days of the issuance of the Court's Order, hold a mandatory meeting or meetings at Respondent's Cross Point and Nagog Park facilities on working time, scheduled to ensure the widest possible audience of employees, at which a responsible management official, in the presence of a Board agent (or, at Respondent's option, a Board agent, in the presence of a responsible management official), shall read the Court's Order, and that an interpreter, paid for by Respondent, translate that speech into Spanish; and

h)      Within FOURTEEN (14) days of the issuance of the Court's order, file with the Court, with a copy submitted to the Regional Director of the Board for Region 1, a sworn affidavit from a responsible official of Respondent, setting forth with specificity the manner in which Respondent complied and will continue to comply with the terms of this decree, including the location of the documents to be posted under the terms of this decree.

Dated at Boston, Massachusetts,
September 21, 2015

Respectfully submitted,

__/s/ Colleen M. Fleming_____
Colleen M. Fleming (CMF 8993)
National Labor Relations Board, Region 1
10 Causeway Street, 6th Floor
Boston, Massachusetts  02222
(617) 565-6775
*Attorney for Petitioner*