United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| JONATHAN B. KREISBERG ex rel. NATIONAL LABOR RELATIONS BOARD, | ) ) ) ) |  |
| Plaintiff, | ) ) | Civil Action No. |
| v. | ) ) | 15-13395-NMG |
| EMERALD GREEN BUILDING SERVICES, LLC, | ) ) ) ) |  |
| Defendant. | ) ) ) |  |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case involves allegations that Emerald Green Building Services, LLC ("Emerald Green") used unfair labor practices in hiring new employees and recognizing a particular union as the exclusive collective bargaining representative, all in violation of the National Labor Relations Act ("the NLRA"), 29 U.S.C. § 151, et seq..

Pending before the Court is a motion by International Brotherhood of Teamsters, Local Union No. 25 ("Teamsters Local 25") for leave to intervene in the proceeding that the National Labor Relations Board ("the Board") initiated against Emerald Green in this Court. For the reasons that follow, the motion by Teamsters Local 25 for leave to intervene will be denied.

**I.     Background**

Defendant Emerald Green is a company that provides contract cleaning facility services at properties in Massachusetts and New Hampshire.  In January, 2015, defendant replaced P.E.A.C.E. Plus Maintenance, Inc. ("Peace Plus") and entered into a contract to perform cleaning services at the Cross Point property in Lowell, Massachusetts and at the Nagog Park property in Acton, Massachusetts.  When defendant took over the contracts and hired employees to work at those properties, it recognized Teamsters Local 25 as the exclusive representative of the employees in accordance with its preexisting collective bargaining agreement with Teamsters Local 25.

In March, 2015, Service Employees International Union, Local 32BJ ("SEIU Local 32BJ") filed an administrative complaint before the Board alleging that defendant engaged in unfair labor practices such as unlawfully recognizing and supporting Teamsters Local 25 and refusing to recognize SEIU Local 32BJ as the exclusive representative of the employees at the two properties.  That administrative proceeding is still pending before the Board.

In September, 2015, plaintiff commenced an action in this Court by filing a complaint against Emerald Green alleging multiple violations of the NLRA based on the same conduct. Plaintiff moved for a temporary injunction under § 10(j) of the

NLRA that would, <u>inter alia</u>, enjoin defendant from unlawfully recognizing and supporting Teamsters Local 25 as the collective bargaining representative for the employees at the two properties.  The Court held a hearing on plaintiff's motion shortly thereafter and took the matter under advisement.

While that motion for temporary injunctive relief was still pending, Teamsters Local 25 filed the instant motion asking for leave to intervene in the proceeding.

## II. **Motion to intervene**

A party who seeks to intervene in an action by right pursuant to Federal Rule of Civil Procedure 24(a)(2) must satisfy the following requirements:

> (1) the application must be timely[,]
> (2) the applicant must claim an interest relating to the property or transaction which is the subject of the action[,]
> (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest[] and
> (4) it must be shown that the applicant's interest will not be adequately represented by existing parties.

<u>Moosehead Sanitary Dist.</u> v. <u>S. G. Phillips Corp.</u>, 610 F.2d 49, 52 (1st Cir. 1979) (internal quotation marks omitted).  The failure to satisfy one of those conditions will defeat a motion to intervene. <u>B. Fernandez & Hnos, Inc.</u> v. <u>Kellogg USA, Inc.</u>, 440 F.3d 541, 545 (1st Cir. 2006).

With respect to the first requirement, courts will balance four factors to assess the timeliness of the motion: 1) the length of time between when the prospective intervenor knew, or reasonably should have known, of its interest in the pending action before it petitioned to intervene, 2) the prejudice to the existing parties as a result of the prospective intervenor's failure to petition promptly for intervention, 3) the prejudice to the prospective intervenor in the absence of intervention and 4) unusual circumstances militating for or against intervention. Culbreath v. Dukakis, 630 F.2d 15, 20-24 (1st Cir. 1980).

With respect to the fourth requirement of inadequate representation, the prospective intervenor must "produce some tangible basis to support a claim of purported inadequacy." Public Serv. Co. of New Hampshire v. Patch, 136 F.3d 197, 207 (1st Cir. 1998).

**B.   Application**

Teamsters Local 25 proclaims that it should be allowed to intervene under Rule 24(a)(2) because 1) it has a direct interest in the instant action, in which plaintiff seeks to preclude defendant from recognizing it as the exclusive representative for employees at the Cross Point and Nagog Park properties and 2) the requested injunctive relief would impede its ability to protect its interest as the exclusive representative for those employees.  The Court notes that

Teamsters Local 25 makes no reference to the timeliness of its motion and that it summarily asserts that defendant cannot adequately represent its interests.

Plaintiff responds that the Court should deny the motion as untimely and for failure to satisfy the inadequate representation requirement.

Specifically, plaintiff contends that the motion is untimely because 1) Teamsters Local 25 was aware of plaintiff's petition for temporary injunctive relief and yet waited more than three weeks to file its motion to intervene, 2) allowing the intervention at this stage would disrupt the injunctive proceedings and prejudice the existing parties who have already fully briefed and presented oral arguments on the issue, 3) Teamsters Local 25 shares defendant's interest in opposing the injunction and will thus suffer no prejudice in the absence of intervention and 4) the intervention would further delay the injunctive proceedings and increase the likelihood of irreparable harm to the collective bargaining process.

Plaintiff's arguments are persuasive and, given that Teamsters Local 25 did not address the timeliness requirement at all, the Court finds that the timeliness factors tip in plaintiff's favor.  The Court concludes that the motion to intervene by Teamsters Local 25 is untimely.

Furthermore, even if the motion were timely, it would be denied on the independent ground of adequate representation. Plaintiff avers that 1) Teamsters Local 25 shares defendant's interest in opposing the injunction, 2) defendant has a considerably stronger interest than Teamsters Local 25 in avoiding the injunction because the injunction binds defendant only and would require defendant to do more than withdraw its recognition of Teamsters Local 25 and 3) the fact that Teamsters Local 25 chose not to file exceptions to the decision of the Administrative Law Judge ("ALJ") in the administrative proceeding implies that Teamsters Local 25 believed the exceptions filed by defendant adequately represented its interests.

For those reasons, and because Teamsters Local 25 offers no evidentiary basis for its bare assertion of inadequate representation, the Court concludes that defendant Emerald Green will adequately represent the interests of Teamsters Local 25 in the instant action.

Accordingly, the Court finds that Teamsters Local 25 has not satisfied the requirements of intervention set forth by Rule 24(a)(2).  Its motion for leave to intervene will be denied.

## **ORDER**

For the foregoing reasons, the motion by Teamsters Local 25 for leave to intervene (Docket No. 16) is **DENIED.**

**So ordered.**

                                            /s/ Nathaniel M. Gorton  
                                            Nathaniel M. Gorton  
                                            United States District Judge

Dated October 23, 2015