United States District Court
District of Massachusetts

|  |  |
|---|---|
| JONATHAN B. KREISBERG ex rel. NATIONAL LABOR RELATIONS BOARD, <br><br> Plaintiff, <br><br> v. <br><br> EMERALD GREEN BUILDING SERVICES, LLC <br><br> Defendant. | Civil Action No. 15-13395-NMG |

## TEMPORARY INJUNCTION

**GORTON, J.**

For the reasons set forth in the Memorandum and Order entered herewith, defendant Emerald Green Building Services, LLC is hereby temporarily enjoined, pursuant to § 10(j) of the National Labor Relations Act ("NLRA"), pending a final determination of the administrative proceedings before the National Labor Relations Board ("the Board"), as follows:

1) defendant shall immediately cease from refusing to hire former employees of P.E.A.C.E. Plus Maintenance, Inc. ("Peace Plus") based on their prior affiliations with Service Employees International Union, Local 32BJ ("SEIU Local 32BJ");

2) defendant shall offer immediate instatement to the former Peace Plus employees who would have been employed but for the unlawful discrimination, in their former or in substantially equivalent positions, without prejudice to their seniority or any other rights or privileges previously enjoyed, discharging if necessary any employees hired in their place;

3) defendant shall, upon request, meet and bargain in good faith with SEIU Local 32BJ as the exclusive

   collective-bargaining representative of its janitorial services employees at the Cross Point property in Lowell, Massachusetts and the Nagog Park property in Acton, Massachusetts;

4)  defendant shall, upon request, immediately cease from

   a)  recognizing, assisting or contributing support to International Brotherhood of Teamsters, Local Union No. 25 ("Teamsters Local 25") as the collective-bargaining representative; and

   b)  maintaining or giving any force and effect to any collective-bargaining agreement with Teamsters Local 25, or any extension, renewal, or modification thereof,

   of and for its janitorial services employees at the Cross Point and Nagog Park properties;

5)  defendant shall immediately cease from interfering with, restraining or coercing employees in any other manner in the exercise of their rights under Section 7 of the NLRA;

6)  defendant shall post copies of this Memorandum and Order at its Cross Point and Nagog Park facilities where notices to employees are customarily posted; the posting shall be maintained during the pendency of the administrative proceedings before the Board, free from all obstructions and defacements; all employees shall have free and unrestricted access to such notices, and agents of the Regional Director of Region 1 of the Board shall have reasonable access to defendant's facilities at the Cross Point and Nagog Park properties to monitor compliance with this posting requirement; and

7) defendant shall, within 20 days of the issuance of this Order, serve upon the Regional Director and this Court a sworn affidavit from a responsible officer describing with specificity the manner in which defendant has complied with the terms of this Order, including how it has posted the documents required by this Order.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated October 23, 2015