United States District Court
District of Massachusetts

```
                              )
JONATHAN B. KREISBERG ex rel. )
NATIONAL LABOR RELATIONS BOARD, )
                              )
        Plaintiff,            )
                              )    Civil Action No.
        v.                    )    15-13395-NMG
                              )
EMERALD GREEN BUILDING        )
SERVICES, LLC,                )
                              )
        Defendant.            )
                              )
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This case involves allegations that Emerald Green Building Services, LLC ("Emerald Green") used unfair labor practices in hiring new employees and recognizing a particular union as the exclusive collective bargaining representative, all in violation of the National Labor Relations Act ("the NLRA"), 29 U.S.C. § 151, et seq..

Pending before the Court are (1) a motion by the National Labor Relations Board ("the Board") to amend a "temporary injunction" imposed by this Court on October 23, 2015 pursuant to § 10(j) of the NLRA and (2) a motion by Emerald Green to stay enforcement of the preliminary injunction. For the reasons that follow, both motions will be denied.

## I.   Background

Defendant Emerald Green is a company that provides contract cleaning facility services at properties in Massachusetts and New Hampshire.  In January, 2015, defendant entered into contracts to perform cleaning services at the Cross Point property in Lowell, Massachusetts and at the Nagog Park property in Acton, Massachusetts.  In doing so, defendant replaced P.E.A.C.E. Plus Maintenance, Inc. ("Peace Plus"), the cleaning services company that had previously serviced the two properties and that had recognized Service Employees International Union, Local 32BJ ("SEIU Local 32BJ") as the exclusive representative of the employees at the two properties.

When defendant took over the contracts, it recruited and hired its own set of employees, some of whom were former Peace Plus employees, rather than re-employing the entire work force of Peace Plus at the two locations.  Defendant refused to recognize SEIU Local 32BJ as the collective bargaining representative of its newly hired employees.  Instead, it recognized International Brotherhood of Teamsters, Local Union No. 25 ("Teamsters Local 25") as the exclusive representative of those employees pursuant to a preexisting collective bargaining agreement with that union.

In March, 2015, SEIU Local 32BJ filed an administrative complaint with the Board and alleged that defendant engaged in

unfair labor practices by, _inter alia_, unlawfully recognizing and supporting Teamsters Local 25 and refusing to recognize SEIU Local 32BJ as the exclusive representative of the employees at the two properties.  That administrative proceeding is pending before the Board.

In September, 2015, plaintiff commenced an action in this Court by filing a complaint against defendant alleging multiple violations of the NLRA based on the same conduct.  Plaintiff moved for a temporary injunction under § 10(j) of the NLRA that would, _inter alia_, enjoin defendant from unlawfully recognizing and supporting Teamsters Local 25 as the collective bargaining representative for the employees at the two properties.  The Court held a hearing on the motion and took the matter under advisement.

On October 23, 2015, the Court imposed a temporary injunction that, _inter alia_, 1) enjoined defendant, upon request, from maintaining or enforcing any collective bargaining agreement with Teamsters Local 25 with respect to the employees working at the Cross Point and Nagog Park properties, 2) ordered defendant, upon request, to negotiate in good faith with SEIU Local 32BJ toward an agreement with new employment terms for those employees and 3) directed defendant to post copies of the Court's order at its Cross Point and Nagog Park facilities so as to inform the affected employees.

-3-

Defendant appealed the Court's imposition of the temporary injunction to the First Circuit Court of Appeals ("the First Circuit") on October 28, 2015.  A few hours later, plaintiff moved for the Court to add certain provisions to the temporary injunction.  Defendant filed an opposition to plaintiff's motion shortly thereafter.

On November 10, 2015, while there remained pending plaintiff's motion before this Court and defendant's appeal before the First Circuit, defendant moved to stay enforcement of the preliminary injunction.

## II. <u>Defendant's motion to stay enforcement of the temporary injunction</u>

In its motion, defendant contends that the Court should stay enforcement of the temporary injunction until the First Circuit resolves its appeal of the injunction because plaintiff failed to establish irreparable harm.

Defendant cites decisions from two other circuit courts of appeals and another district court to assert that 1) the imposition of injunctive relief requires plaintiff first to show irreparable harm and 2) the possibility of reinstatement at the conclusion of trial precludes plaintiff from meeting that burden. <u>See</u> <u>Equal Emp't Opportunity Comm'n</u> v. <u>City of Janesville</u>, 630 F.2d 1254, 1259 (7th Cir. 1980)(finding that reinstatement as an injunctive remedy requires "a substantial

-4-

showing of irreparable injury" and that "irreparable injury does not include loss of income, inability to find other employment, or financial distress"); Rodriguez v. DeBuono, 175 F.3d 227, 233-34 (2d Cir. 1999)(internal quotation marks omitted) ("Irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction."); Bagley v. Yale Univ., 2014 WL 7370021, at *6 (D. Conn. Dec. 29, 2014)("[T]he availability of job reinstatement as a remedy at trial precludes preliminary injunction relief.").

Next, defendant alleges that plaintiff did not establish irreparable harm in its motion for temporary injunctive relief. Defendant suggests that the only injuries that plaintiff identified were a chilling effect on the ability of affected employees to support SEIU Local 32BJ and interference with the ability of SEIU Local 32BJ to represent the affected employees. Defendant submits that such injuries are not irreparable and do not warrant injunctive relief, particularly where an injunctive order of reinstatement would irreparably harm the existing employees who defendant must terminate in order to accommodate the new hires.

Defendant, however, mischaracterizes plaintiff's arguments of irreparable harm and overlooks the findings made by this Court in imposing injunctive relief.  Plaintiff alleged a litany of irreparable harms in its initial motion for temporary

-5-

injunctive relief: 1) a chilling effect on employee willingness to participate in protected activity, 2) employee fear of employer retaliation, 3) increasing employee reluctance to accept an offer of reinstatement and 4) a conferral of unwarranted prestige on Teamsters Local 25.  In addition, the Court specifically found that defendant would not face any irreparable harm as a result of reinstating certain employees and terminating other employees because it could condition the reinstatement upon final disposition of the administrative proceedings.  Thus, the Court found that plaintiff had properly met its burden of establishing irreparable harm.

Moreover, the Court notes that it was within its discretion to conclude that the possibility of reinstatement as a remedy at trial did not preclude a finding of irreparable harm. See Asseo v. Pan Am. Grain Co., Inc., 805 F.2d 23, 27 (1st Cir. 1986)("[A]rguably the possibility of subsequent relief by the Board in the form of reinstatement with back pay precludes a finding of irreparable harm.  Whether this is so, however, depends on the particular circumstances, and we cannot say the district court exceeded its discretion in determining, here, that subsequent reinstatement with back pay would not suffice.").

Accordingly, defendant's motion to stay will be denied.

### III. **Plaintiff's motion to amend the temporary injunction**

In its motion to amend, plaintiff asks the Court to add provisions to the temporary injunction that would require defendant 1) upon request, to rescind the employment terms that it imposed pursuant to its collective bargaining agreement with Teamsters Local 25, 2) upon request, to restore the employment terms set forth by the collective bargaining agreement between Peace Plus and SEIU Local 32BJ and 3) to read out loud to the employees at Cross Point and Nagog Park the Order of the Court that imposed the temporary injunction on October 23, 2015. Although plaintiff requested the inclusion of those injunctive provisions in its initial submissions to the Court in September, 2015, the temporary injunction imposed by the Court omitted those provisions.  Plaintiff now repeats its request for their inclusion.

Because defendant has appealed to the First Circuit this Court's entry of an injunction, there is a question of whether this Court retains jurisdiction to amend it.  The general rule is that

> once an appeal has been taken, a district court
> ordinarily may not alter the judgment under review,
> without leave of the appellate court.

Contour Design, Inc. v. Chance Mold Steel Co., Ltd., 649 F.3d 31, 34 (1st Cir. 2011).  That rule would appear to preclude this

Court from considering the pending motion without leave of the
First Circuit.

Although there are narrow exceptions to the rule, none of
those exceptions appears to apply to our situation and plaintiff
makes no attempt to argue otherwise.  For example, absent a
stay, a court has the power to hold further proceedings, such as
a trial or the imposition of a permanent injunction based on
that trial, in the same action "while an appeal in an earlier
phase is pending." Id.  But that exception does not apply where,
as here, plaintiff asks the Court to alter the terms of the very
order that is on appeal.  As another example, a court can
resolve

> transparently frivolous appeals, certain modifications
> of forfeiture orders, and the posting of a supersedeas
> bond, among other ancillary matters.

Global Naps, Inc. v. Verizon New England, Inc., 489 F.3d 13, 19
(1st Cir. 2007)(internal citations omitted).  None of those
exceptions characterizes what plaintiff requests here in its
motion.  In addition, Federal Rule of Civil Procedure 62(c)
provides that:

> While an appeal is pending from an interlocutory order
> or final judgment that grants, dissolves, or denies an
> injunction, the court may suspend, modify, restore, or
> grant an injunction on terms for bond or other terms
> that secure the opposing party's rights.

Fed. R. Civ. P. 62(c).  Plaintiff's motion falls outside of the
scope of that rule because the motion seeks to protect the

rights of the party in whose favor the injunction was entered, rather than the rights of the enjoined party.  As a final example, a court can enforce an injunction that has been appealed and, if appropriate, can hold a party in contempt for violating the terms of that injunction. Diomed, Inc. v. Angiodynamics, Inc., 533 F. Supp. 2d 224, 226 (D. Mass. 2008). That exception does not apply here because plaintiff moves for this Court to add, rather than merely to enforce, certain injunctive provisions.

Accordingly, the Court lacks jurisdiction to resolve plaintiff's motion to amend the injunction which will therefore be denied for that reason, inter alia.

The Court proceeds to address the merits of plaintiff's motion in the unlikely event that it is found to have jurisdiction notwithstanding the pendency of the appeal.  The Court would deny the motion in any event.  That is because plaintiff incorrectly bases its motion upon a claim that the exclusion of the identified provisions from the temporary injunction was a "manifest error of law" or was "clearly unjust."

First, plaintiff suggests that the Court inadvertently omitted those provisions when it imposed the temporary injunction.

Plaintiff is mistaken.  The Court carefully considered its requests for the Court to order defendant 1) upon request, to rescind the employment terms that it set pursuant to its agreement with Teamsters Local 25, 2) upon request, to restore the employment terms previously imposed by Peace Plus pursuant to its agreement with SEIU Local 32BJ and 3) to read the Court's order to the employees at the Cross Point and Nagog Park properties.  The exclusion of the provisions that plaintiff identified from the temporary injunction imposed was not inadvertent and was within the discretion of the Court.  There was no "manifest error of law" or clear injustice.

Second, plaintiff contends that, because the Court found defendant discriminatorily refused to hire former Peace Plus employees in order to evade its successor obligations, the Court should strip defendant of its right to set the initial terms of employment at the two properties without first consulting with SEIU Local 32BJ. See Love's Barbeque Rest. No. 62, 245 NLRB 78, 82 (1979) ("Having found that Respondent Kallmann discriminatorily refused to offer employment to the former employees of Respondent Love's, we shall order that their employment status [be] restored to what i[t] would have been but for the discrimination against them . . . ."). Plaintiff also cites a number of decisions to support its argument that

> the [requested] relief is necessary so that the parties are able to engage in effective collective-bargaining while the administrative proceeding is pending before the Board, rather than enabling the Respondent to use restoration of the working conditions as bargaining bait to force Local 32BJ to accept its other bargaining proposals.

The Court, however, reads the cases cited by plaintiff as permitting, rather than requiring, the rescission of employment terms that defendant unilaterally imposed. See Rivera-Vega v. ConAgra, Inc., 70 F.3d 153, 158-165 (1st Cir. 1995)(reviewing the imposition of injunctive relief rather than the specific terms of relief imposed); Morio v. N. Am. Soccer League, 632 F.2d 217, 218 (2d Cir. 1980)(holding that a court could, but need not, require the rescission of unilaterally imposed terms where the employer had committed "particularly flagrant unfair labor practices"); Silverman v. Major League Baseball Relations Comm., Inc., 880 F. Supp. 246, 259-61 (S.D.N.Y. 1995)(finding appropriate, in light of the particular facts of the case, an injunctive order for the employer to rescind unlawfully imposed employment terms).  Thus, the omission of such a provision was within the discretion of the Court, did not constitute a "manifest error of law" and was not "clearly unjust."

Third, plaintiff cites Planned Bldg. Servs., Inc., 347 NLRB 670 (2006), to assert that the traditional remedy prescribed by the Board in this context is to require affirmatively the employer, upon request, to rescind the employment terms that the

employer unilaterally imposed.  The Court is not, however, required to impose the same remedy that the Board might impose in an administrative proceeding.  The Court's decision to impose a different remedy is therefore neither manifestly erroneous nor clearly unjust.

In sum, the Court finds that plaintiff has not met its burden under Fed. R. Civ. P. 59(e) of establishing that the exclusion of the identified provisions was a "manifest error of law" or was "clearly unjust."  The Court need not reach the arguments that defendant raises in opposition to plaintiff's motion because its finding is dispositive on the merits. Accordingly, plaintiff's motion to amend the temporary injunction will be denied.

## ORDER

For the foregoing reasons, plaintiff's motion to amend the injunction (Docket No. 22) is **DENIED** and defendant's motion to stay enforcement of the injunction (Docket No. 29) is **DENIED.**

**So ordered.**

/s/ Nathaniel M. Gorton_____
Nathaniel M. Gorton
United States District Judge

Dated November 13, 2015

-12-